J. R. CATHCART, *Appellant,* v. TOMMIE THOMPSON, *Appellee.*

Opinion Filed February 4, 1919.

Petition for Rehearing denied April 21, 1919.

Under the Constitution and Statutes of this State an appeal does not lie from an order of a court commissioner granting an injunction.

An Appeal from the Circuit Court for Alachua County; E. C. F. Sanchez, Court Commissioner.

Appeal dismissed.

*T. B. Ellis, Jr.,* and *George F. Mason,* for Appellant;

*Chris Matheson,* for Appellee.

WHITFIELD, J.—The appeal herein is from an order of a court commissioner granting an injunction. If this is not a decree or order from which an appeal may be taken to this court, the appeal must be dismissed, even though the cause has been submitted here on its merits.

The Constitution, 1885, contains the following provisions:

"A circuit judge may appoint in each county in his circuit one or more attorneys at law to be court commissioners, who shall have power in the absence from the county of the circuit judge, to allow writs of injunction, and to issue writs of habeas corpus, returnable before himself or the circuit judge. Their orders in such matters may be reviewed by the circuit judge, and confirmed, qualified or vacated. They may be removed by the circuit judge. The Legislature may confer upon them further powers, not judicial, and shall fix their compensation." Sec. 14, Art. V.

"The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in circuit courts." Sec. 5, Art. V.

The statutes contain the following provisions:

"The orders of court commissioners shall be of like force as if allowed by the judge and the same may, on motion, be confirmed, quailfied, or set aside by the circuit judge, of which motion such notice must be given as the judge may deem sufficient." Sec. 2030, Gen. Stats. 1906, Compiled Laws, 1914.

"Appeals may be taken and prosecuted from any interlocutory order, decision, judgment or decree of the circuit courts of this State, when sitting as courts of

equity." Sec. 1908, Gen. Stats. 1906 Compiled Laws, 1914.

The effect of the above provisions is to make the action taken by court commissioners pursuant to the Constitution in allowing writs of injunction and issuing writs of *habeas corpus* and "their orders in such matters," reviewable by the Circuit Judge who may confirm, qualify or vacate them. Where the orders are reviewed by the Circuit Judge, his decision thereon may be appealed from as decrees or orders "of the circuit courts." By the statute "the orders of court commissioners shall be of like force as if allowed by the judge;" but this is for purposes of enforcement and has no reference to appeals to the Supreme Court, since appeals in chancery must be from the decrees and orders "of the circuit courts."

The provisions of law with reference to court commissioners are quite unlike those relating to Referees. See Secs. 19 and 20, Art. V, Constitution of 1885; Secs. 1659 *et seq.* Gen. Stats. 1906, Compiled Laws, 1914.

The appeal is dismissed.

All concur.