IN RE: ADOPTION OF CAROL PALMER, an infant female child.

176 So. 537.

Division B.

Opinion Filed October 22, 1937.

*Walter T. Moore, Jr., and Julian R. Alford,* for Appellant;

*Horn & Ossinsky,* for Appellee.

BROWN, J.—This matter is before us on a motion to dismiss the appeal. The only ground of the motion which concerns us is the first ground. The appeal attempted to be taken in this case is from a final order made by the Circuit Judge of the 7th Judicial Circuit in adoption proceedings, which order authorized the adoption of an infant child, Carol Palmer, by R. L. Christian and his wife. The first ground of the motion to dismiss is that this appeal was taken without authority of law.

It is the contention of the appellees that in view of the absence of any provision for an appeal, that no appeal lies from the order or judgment such as was rendered by the Circuit Judge in this adoption proceeding under the authority of Sections 5076-5081 C. G. L.

This is a purely statutory proceeding and the statute makes no provision for a review of the order of the Circuit Judge, either by way of appeal or writ of error.

Nor does the statute vest the authority to legalize the adoption of children in the Circuit Court as a Court. That authority is vested by the statute in "the judges of the Circuit Courts." No reference is made to any action by the Circuit Court as a Court. There are cases holding that where a judge acts as a judge and not as a court, his decision is not appealable; that an appeal only lies from a judicial *tribunal.* See in this connection Cathcart v Thompson, 77 Fla. 153, 81 So. 410. It appears that the adoption statute constitutes the Circuit Judge as special statutory judicial tribunal, but no appeal is provided for therein.

It is generally held that in the absence of permissive statutory provision, no appeal will lie from a decree of adoption. See 2 C. J. S. 428, and cases cited.

Appellants cite the case of Hernandez v. Thomas, 50 Fla.

522, 39 So. 641, which was a proceeding involving the custody and control of two minor children, and contends that while the question involved in the case at bar was not expressly raised in the Hernandez case, yet the fact that this Court, by taking jurisdiction of an appeal from a chancery decree involving the custody of minor children, would indicate that the courts should take jurisdiction by appeal of a case like the one at bar, which in substance is a controversy over the custody and control of a minor child.

It might also be argued that inasmuch as the chancery courts had long exercised jurisdiction concerning the property rights and the personal welfare of infants in many and various ways, this procedure for the adoption of a minor child should be considered as being of a chancery nature and hence subject to review by way of an appeal. But the Constitution vests the Supreme Court with appellate jurisdiction "in all cases at law and in equity originating in the Circuit Courts." This proceeding did not originate in the Circuit Court as such, and it is doubtful whether it constitutes a "case" within the meaning of the Constitution. See First National Bank v. Bebinger, 99 Fla. 1290, 128 So. 862.

In 1 Am. Juris., at pages 622-633, it is said:

"The right of adoption, while known to the ancients of Greece and Rome, and probably to other ancient peoples, and while practiced among many of the continental nations under the civil law from the remotest antiquity, was unknown to the common law of England, and exists in this country in those jurisdictions having that law as the basis of their jurisprudence, only by virtue of statute. The beneficent public policy involved in such statutes has made of them an essential part of the jurisprudence of the United States."

"The power of a State Legislature to provide for the adoption of children after notice to, and with the consent of all parties cannot be doubted."

An on page 650 of the same work it is said :

"In the absence of a provision for appeal or error in such statutes, the general rule is that there is no right to have the decision reviewed."

In 2 C. J. S. at page 428 it is said that:

"Certiorari is the proper remedy to review such proceedings where there is no provision made for an appeal."

The exact question here presented seems to be new in this State, but in the light of the authorities it would seem that appeal does not lie from the order of the circuit judge herein sought to be appealed from and that the motion to dismiss the appeal on that ground must be granted.

It is true that in some States appeals in adoption proceedings are permitted under general statutory permission for appeals, but our attention has not been called to any statute of this State which grants such a general permission for appeals as would cover the order made in this proceeding, which is purely statutory, and does not constitute a case in equity, originating in the Circuit *Court."*

It is true that it appears that the proceedings in the lower court were on the chancery side of the docket, that it was contested, and the matter was decided by the judge without a jury, but the treatment of the case in the lower court is not determinative of the question here involved, which is jurisdictional in its nature. This Court should not assume jurisdiction to review this adoption proceeding on appeal unless it is clearly convinced that it is vested by law with that authority. Not being so convinced the motion must be granted.

Motion to dismiss cause granted, but without prejudice

to any right of review by certiorari, or habeas corpus, or other remedy that the parties aggrieved may have and see fit to resort to, and the record already filed in this Court could be availed, if upon application in other proceedings in this Court.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.