DAVID ALBERT WRIGHT, as Administrator, *et al.,* Appellants, v. RALPH TOMPSON BROWN, *et al.,* Appellees.

1 So. (2nd) 871

Division B

Opinion Filed April 11, 1941

Rehearing Denied May 13, 1941

*Edwin R. Dickenson* and *J. Oswald Cornelius,* for Appellants;

*John J. Twomey* and *L. A. Grayson,* for Appellees.

PER CURIAM.—Sophia Rose Wright died intestate in Hillsborough County in November, 1938, leaving a husband but no children or near relatives surviving her. David Albert Wright, her husband, qualified as administrator of her estate which consisted of approximately $30,000 on deposit in two Tampa banks. The appellees, all residents of Louisiana, filed a claim with the probate judge for one-half of the estate alleging that they were the children of Jessie Brow Bovert Brown, who they say was adopted by Sophia Rose Wright and a former husband, Albert Bovert, in the State of Michigan.

David Albert Wright filed his bill of complaint in the circuit court against appellees and the probate judge as defendants claiming the entire estate as a gift *causa mortis* or in the alternative as a gift *inter vivos* made by his wife August 6, 1938. On final hearing, the chancellor found that there was no gift to David Albert Wright by his wife and decreed accordingly. This appeal is from the final decree.

Two questions are here to be answered, viz.: (1) Was there a gift *causa mortis* or *inter vivos* passing from Sophia Rose Wright to her husband, David Albert Wright, and (2) Was the adoption of Jessie Brow Bovert by the testatrix in Michigan legally sufficient to make it valid in Florida?

Both these questions turn on the showing made by the evidence. It is not necessary to discuss the essential elements of a gift *causa mortis* or a gift *inter vivos.* The evidence in this point fails to show a completed gift and is in other respects insufficient to warrant us in overruling the chancellor. There is evidence that shows an intention on

the part of testatrix to make the gift but it falls short of showing that her intention was perfected.

As to the adoption of Jessie Brow Bovert, the evidence shows that the adoption proceedings were substantially in compliance with the Michigan law, similar proceedings were shown to have been approved by the courts of that State and under Section 1, Article IV of the Federal Constitution, should be given full faith and credit in this State.

From this, it follows that the judgment below be affirmed. Affirmed.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, J. J., concur.