SPECTOR, Chief Judge.
Appellant seeks reversal of an order denying her petition to set aside the adoption of Clifton Kelly Brooks by the appellees.
Appellant is the natural mother of Clifton Kelly Brooks and the daughter of ap-pellees. Clifton was born to appellant when she was 17 years old and unmarried. While appellant was still in the hospital and upon the advice of her father, she signed a consent for adoption using the fictitious name of Doris R. Brooks. The witnesses were not present in the room and the acknowledgment was forged. The birth certificate of Clifton Brooks states that he was born in wedlock to Doris Brooks and James Kelly Brooks. Clifton lived with his mother and grandparents during the first year of his life, until his mother went away to college. She subsequently married Edwin Pole and had two children by that marriage. Clifton was with appellant in Vermont when the court entered a final order of adoption based on *708 the consent executed at the time of birth. The Division of Family Services did not know that appellant was the natural mother and had tried unsuccessfully to locate the fictitious Doris and James Brooks. Appellant therefore was not notified of the adoption and upon finding out moved to intervene and set aside the adoption decree. The court allowed appellant to intervene but denied her petition to set aside the adoption.
Appellant contends, among other things, that the lower court erred in refusing to set aside the order of adoption for the reason that the evidence conclusively shows that the natural mother did not consent to the adoption in accordance with the requirements of law. We agree.
Our adoption statute, Chapter 63, Florida Statutes, in Section 63.081, dealing with consent, reads in material part as follows :
“Service of process shall be unnecessary when a written consent is filed with the petition or thereafter executed in the presence of two witnesses and acknowledged before an officer authorized by law to take acknowledgments by:
(1) The living parent or parents of a child born in wedlock, or the living mother of a child born out of wedlock,
The court in McKinney v. Weeks, 130 So.2d 310 (Fla.App.1961), held a consent invalid because it was not executed in accordance with the statute since only one witness was present at the time the purported consent was executed. In the case sub judice, neither witness was present at the time the consent was signed. Although this defect alone is sufficient to invalidate the consent, it might also be pointed out that appellee admitted that the acknowledgment was forged. It is obvious then that the consent is invalid, not having been executed in accordance with the statute, to wit: “ . . . executed in the presence of two witnesses and acknowledged before an officer authorized by law to take acknowledgments . . . ”
In the absence of a valid consent, it must be shown by clear and convincing evidence that the parent abandoned the child or has otherwise demonstrated that she is not fit. Wiggins v. Rolls, 100 So.2d 414 (Fla.1958). Nowhere in the record can it be shown that Judy Pole was not fit to exercise the privilege and obligations of parenthood. In fact, the Division of Family Services declared in their report to the court that appellant was a fit and proper person to care for the child and that, in its opinion, it is in the best interest of the child for custody to be granted to appellant. Likewise, we cannot find in the record clear and convincing evidence of abandonment.
For the foregoing reasons, the order appealed is reversed and the judgment of adoption set aside.
CARROLL, DONALD K., and RAWLS, JJ., concur.