277 So.2d 832 (1973)
In re Adoption of Melissa Ann GOSSETT, a Minor.
No. S-36.
District Court of Appeal of Florida, First District.
May 24, 1973.
J. Robert Hughes, of Barron, Redding & Boggs, Panama City, for appellants.
Jerry W. Gerde, of Davenport, Johnston, Harris & Gerde, Panama City, for appellee.
WIGGINTON, Judge.
Appellants, who were petitioners in the trial court, have appealed a final judgment denying their petition for adoption of their granddaughter, child of respondent-appellee herein. It is contended that the manifest weight of the evidence demonstrates their right to the relief prayed for as a matter of law and that the trial court abused its discretion in holding to the contrary.
Appellants are the maternal grandparents of Melissa Ann Gossett, a child born June 16, 1969, to Hazel Ann Gossett and appellee, Herbert L. Gossett. At the time of this birth appellee was a member of the Armed Forces of the United States stationed in Alaska, and his wife was temporarily residing with her parents in Panama City, Florida. The child continued to live in the home of appellants from the time of her birth down to and including the rendition of the judgment appealed herein some three years thereafter. The mother of the child was only 18 years old at the time of its birth, and the father had attained the age of 21 years. They both demonstrated characteristics of immaturity, and neither appeared willing or capable of assuming the full responsibilities of parenthood.
Within six months from the time the child was born appellee-father was discharged from the service and returned to *833 his home in Tennessee where he learned for the first time that his wife had instituted and was maintaining an action for divorce against him. He immediately came to Panama City where he conferred with appellants and while there consented to the entry of an order by the Juvenile Court of Bay County granting temporary custody of his daughter to appellant-grandparents. The parties were unable to reconcile their differences and appellee-father returned to his home in Tennessee where he secured employment and later entered school for the purpose of completing his education.
On March 7, 1972, appellants filed their petition seeking adoption of the minor child. The child's mother was and had for some time prior thereto been living away from home in another state and signed a formal consent agreeing to the adoption sought by appellants. Appellee-father, upon being served with notice of the action, employed counsel and filed his answer objecting to the adoption by appellants and asking for an order granting him reasonable visitation privileges. It was upon the issues thus made by the pleadings filed by the parties that this case was tried before the court.
From the evidence it affirmatively appears without dispute that appellant-grandparents, each of whom is 52 years of age, are fine people who love their granddaughter very dearly and will provide her with a suitable home and advantages conducive to her proper and normal development and well-being. They have naturally become very much attached to the child and sincerely wish to rear her in a wholesome and religious atmosphere consistent with her best interest and welfare.
It is appellants' position that the evidence affirmatively establishes that appellee remained so totally indifferent to the interest and welfare of the child from the time of her birth until the time this action was instituted as to constitute an abandonment by him of the child and of his right to object to the child's adoption by appellants. Although the evidence does reflect that he provided no support for the child from the time of his discharge from the Army up until the institution of this action some 25 months later, he sought to excuse this failure by stating that he offered to send financial contributions for the child's support but the offer was rejected by appellants. After this action was instituted he did send weekly checks of $10.00 each to appellants to be used in support of the child, which contributions continued for a period of 14 weeks down to and including the time of final hearing herein. Appellee testified further that he attempted on several occasions to see his child or arrange for a visit with her, but each effort proved futile because of the evasive tactics employed by appellants. There was evidence to the effect that he maintained a sincere love for his child throughout the period of their separation and earnestly desired the opportunity of establishing a parent-child relationship with his daughter and of rearing her as his own.
Conceding that the evidence establishes without dispute that appellants are fit and proper persons to be considered as adoptive parents for the child involved herein, the question now arises as to whether appellee has by his conduct been so grossly indifferent to the child's welfare as to constitute an abandonment of her and a forfeiture of his rights as a parent.[1] The trial court answered this question in the negative, and we find in the record competent evidence from which such a reasonable conclusion could have been drawn. The trial court had before it the witnesses who testified in the case and a full opportunity to evaluate their sincerity of purpose and their respective abilities to adequately provide for the child in a manner consistent *834 with her best interest. Because of this, great weight is accorded its findings and conclusions.[2]
It is an established principle of law observed by most appellate courts of this state that a natural parent should not be deprived of the privileges and responsibilities of parenthood unless in some fashion he has abandoned his child or otherwise demonstrated that he is not a fit subject to continue to enjoy the privilege.[3] It is also held that even though temporary failures and derelictions of parents may justify temporary deprivation of the custody of their children, it will seldom justify the permanent deprivation of parental rights resulting from the finality of an adoption decree.
Although appellee, as well as his wife, because of his youth, was somewhat irresponsible as a parent, the evidence indicates that after discharge from the service and the severance of his marital relationship with his wife, he commenced to demonstrate qualities of maturity commensurate with other young people of his age. Considering the totality of the circumstances shown by the record, appellee's conduct cannot be held as a matter of law to constitute an abandonment of his child sufficient to permanently forfeit his parental rights as a father.
Construing the evidence in a light most favorable to appellee as the prevailing party, we cannot say with certainty that the trial court abused its discretion or departed from the essential requirements of law in reaching the conclusions expressed in the final judgment appealed herein. The judgment is accordingly affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] In Re Adoption of Vincent, (Fla.App. 1969) 219 So.2d 454; In Re Adoption of Corcuera, (Fla.App. 1962) 145 So.2d 493; Streets v. Gammarino, (Fla. 1952) 59 So.2d 520.
[2] Cloud v. Fallis, (Fla. 1959) 110 So.2d 669.
[3] Wiggins v. Rolls, (Fla. 1958) 100 So.2d 414.