BOARDMAN, Judge.
This appeal arises out of an adoption proceeding in the trial court. Appellee/stepfather filed petition for adoption of Shevalda Lynette Wilson, approximately 10 years of age. The natural mother of Shevlada, Annie (formerly Mrs. Allen) Wilson, wife of appellee, consented to the adoption. Appellant, the natural father of the child, objected to the adoption of his daughter by appellee.
The appellant, appellee and the natural mother were the only witnesses who testified before the trial court at the final hearing. At the conclusion of all the evidence, the court entered a final judgment finding, among other things, that the appellant had abandoned his daughter; and permitting appellee to adopt the child and granting the prayer requesting that the child’s name be changed. The court did not determine either the natural father’s unfitness or the best interest of the child. Appellant timely sought review of said judgment.
The question before us is whether there is clear and convincing evidence in the record to support the trial court’s finding that appellant abandoned his child. We think not and reverse.
We are not considering a question of custody of a child but as previously indicated herein, this is an adoption proceeding wherein the ties and relationship existing between the natural parent and the child are forever severed. Indeed a harsh action and one, we submit, which should only be exercised when the standard of proof established by case law has been met. It is therefore only proper that in such cases the decisional law of this state requires that the proof of abandonment be shown by clear and convincing evidence. See Jones v. Allen, Fla.App.2d, 1973, 277 So.2d 599. In the case of Pole v. Bowen, Fla.App.1st, 1972, 269 So.2d 707, it was held that in the absence of a valid consent it must be shown by clear and convincing evidence that the parent abandoned the child or has otherwise demonstrated unfitness.
We have carefully reviewed the record, the brief filed by counsel for appellant and oral argument of said counsel. The appellee/stepfather did not favor the court with either a brief or oral argument. Considering the evidence adduced at the final hearing in the light most favorable to appellee, as we are required to do, and recognizing that an appellate court should not substitute its judgment for the judgment of the trier of the facts, we, nevertheless, *52 conclude that the trial court, m view of the evidence adduced by appellee and his witness, erred in its finding that appellant abandoned his daughter.
On the contrary, as we read the evidence, it was the adoptee’s mother who in the first place ended the marriage relationship with appellant in 1967, taking Sheval-da with her, and began living with appel-lee. The natural mother and appellee were subsequently married in 1972 and the child sought to be adopted has lived with them since 1967. The record shows that appellant continued to reside in the Tampa area since 1967. On the other hand, the whereabouts of the mother and child were unknown to appellant part of the time since 1967. For instance, on at least four different occasions, the mother left the State of Florida and took the little girl with her, during which periods of time appellant did not know their whereabouts. Additionally, appellant did attempt to visit his daughter. The record also discloses that appellant maintained the marital place of residence for some period of time after the separation and he indicated that he would resume the marital relation with her if she would return to him. Therefore, it cannot be said, under the above recited factual circumstances, that the natural father did not have an interest in his child or that he had abandoned her.
It is true that the record clearly shows that appellant failed to pay child support payments and that the child support payments are presently in arrears in the amount of several thousand dollars. However, while that fact is certainly a relevant circumstance to be considered in granting a petition for adoption, it is not a ground, standing by itself, to justify the adoption of a child over the objection of a natural parent. See, In re Adoption of Prangley, Fla.App.2d, 1960, 122 So.2d 423.
We also point out that at the time the petition for adoption was filed the child was 10 years old. However, she was not called upon to testify by either party. Further, the record fails to disclose that any investigation was conducted by any authorized state agency. Thus, evidence of what would be in the best interest of the child is not available.
For the above stated reasons, the order appealed is set aside and the judgment of adoption is reversed.
HOBSON, Acting C. J., and SCHEB, J., concur.