329 So.2d 389 (1976)
William D. HARDEN, Appellant,
v.
Lisa Michelle THOMAS, Etc., Appellee.
No. Z-258.
District Court of Appeal of Florida, First District.
April 2, 1976.
A.Z. Adkins, Jr. and G. Stewart McHenry, Gainesville, for appellant.
Dale C. Ferguson, Ferguson & Ferguson, Lake City, for appellee.
RAWLS, Acting Chief Judge.
William D. Harden, the natural father, appeals from a final judgment granting a petition of adoption of his daughter, Lisa Michelle, to her stepfather. Appellant Harden's sole point on appeal is whether or not imprisonment of a natural parent constitutes abandonment of his minor child, so as to authorize the trial court to excuse that parent's consent within the meaning of Florida Statute 63.072.
Lisa Michelle Harden was born of the marriage of Janice M. Harden and William D. Harden on the 26th day of November, 1967. On the 15th day of August, 1973, William D. Harden was adjudged guilty of the crimes of rape and kidnapping not for ransom and sentenced to life imprisonment. Harden is now serving *390 his sentence in the Florida State Prison in Raiford. The Harden marriage was terminated on September 4, 1973, and Mrs. Harden married John Wayne Thomas on the 2nd day of October, 1973. Lisa has resided with her natural mother and stepfather since the Thomas marriage. Lisa's mother executed a consent for her adoption by her stepfather. Lisa's natural father refused his consent to the adoption and has strenuously opposed same; hence this appeal.
Florida Statute 63.072 authorizes the court to excuse the consent of a natural parent upon one of the following grounds: 1) A parent who has deserted a child without affording means of identification or who has abandoned a child; 2) A parent whose parental rights have been terminated by order of a court of competent jurisdiction; and 3) A parent judicially declared incompetent for whom restoration of competency is medically improbable. Grounds 2) and 3) are not applicable to the facts here reviewed. Therefore, our review must be directed to the question of whether this record reflects competent, substantial evidence to support the theory that the natural father abandoned his child.
In her petition for dissolution of her marriage to Harden filed on August 21, 1973, the natural mother asked for custody and control of Lisa and further alleged: "Under restricted circumstances the Respondent should have the right to visit with the minor child but the Petitioner is afraid of Respondent and would request a structured visitation schedule." The trial court in its Final Judgment of Dissolution of Marriage provided, inter alia:
"3. The care, custody and control of the minor child, to wit, LISA MICHELLE, age 5 years, is granted to the Wife subject to the Husband's right of reasonable visitation. In view of the fact that the Husband is presently incarcerated in the Florida State Prison, the Court shall determine the time and length of visitation upon petition by either party upon the Husband's release from the Florida State Prison."
Thus, it is apparent that the trial judge in the dissolution proceeding determined that Harden's crimes and ensuing prison term did not permanently sever the father-child relationship. Evidence adduced at the adoption hearing reflects continuous efforts on Harden's part to maintain a father's interest in his child and negates a voluntary abandonment of Lisa Michelle.[1]
The right of adoption was unknown to the common law[2] and exists only by virtue of statute. "The best interest of a child" or "welfare of a child" are tests used in custody cases which are not applied in the same manner in adoption proceedings. The appellate courts have consistently recognized that the welfare of the child is of importance in reviewing adoption proceedings;[3] however, it was judicially recognized prior to the adoption of Florida Statute 63.072 (Ch. 73-159, Fla. Laws) that a natural parent not be deprived of the privileges and responsibilities of parenthood, unless he has abandoned his child or otherwise demonstrated that he is not a fit subject to continue to enjoy the privilege.[4] A natural parent has a legal right in his child which should not be lightly regarded, and that right was protected in Florida Statute 63.072 by the specification of the limited circumstances in which a parent's consent to adoption may be dispensed. Conditions which might *391 justify relieving a parent temporarily of the custody of his child would not necessarily support absolute and permanent transfer of the child to a stranger or near kin.
We hold that the imprisonment of a natural parent under a lifetime sentence does not, as a matter of law, constitute abandonment of his natural child. As stated above, we are not here concerned with the question of care, custody and control of the minor child. Nor are we concerned with the question of visitation privileges. Jurisdiction of these questions is properly vested in the domestic relations court that entered the final judgment of dissolution of marriage.
The judgment appealed is reversed.
McCORD and SMITH, JJ., concur.
NOTES
[1] Shortly after the custody order, Harden petitioned the domestic relations court seeking means by which his child could visit him at Raiford. This petition was pending at the time the adoption proceeding was instituted and is now pending.
[2] In re Palmer's Adoption, 129 Fla. 630, 176 So. 537 (1937).
[3] In re Adoption of Minor Child, 279 So.2d 55 (Fla.App. 4th 1973).
[4] In re Adoption of Gossett, 277 So.2d 832 (Fla.App. 1st 1973); Wiggins v. Rolls, 100 So.2d 414 (Fla. 1958).