BOYER, Chief Judge.
The trial court has entered a final judgment ordering the adoption of Eric Tyrone Lewis (age five) by appellees, the maternal grandparents of the child. Appellant, the child’s natural father, appeals the order of adoption, claiming that the trial court erred in finding that appellant had abandoned the child, and in ruling that the court was bound by a determination in a prior habeas corpus proceeding involving the child that the best interest of the child would be served by maintaining custody in the appel-lees.
After appellant’s marriage to Sharon Currie, daughter of appellees, the couple produced one child, born in 1969. In the spring of 1972, the couple separated and appellant returned to Kansas City. A final judgment of dissolution of marriage was entered in August of 1972, wherein custody of the minor child was awarded to the wife. Both before and after the final judgment of dissolution was entered, appellant sent periodic payments to the wife for child support. Although he did not send payments every week as required by the final judgment, appellant claims that he attempted to make up the difference by sending more money in certain weeks than was required. During the period immediately following the dissolution of marriage, appellant communicated with Sharon by telephone and by mail, and mailed birthday and Christmas presents to Eric. The last telephone call between appellant and his former wife occurred in August of 1973.
In September of 1973, Sharon was fatally injured in an automobile accident. Appellant, unaware of his former wife’s death, continued making weekly child support payments through October of 1973. He terminated the payments because, he claimed, he had not been able to contact his former wife and felt that termination of the child support payments would induce her to contact him. Appellant persuaded his sister to telephone appellees to find out where Sharon and the child were living, but appellees, who had physical custody of the child, would not provide the information. During the period when appellant was unaware of his former wife’s death and of the whereabouts of his son, he continued to send Christmas and birthday presents to his son, mailing the packages to appellees’ residence. Each of those packages contained appellant’s return address in Kansas City. While in Kansas City, appellant made Eric the beneficiary of a $25,000 life insurance policy and initiated a savings account in his behalf.
In November of 1974, appellees filed a petition for adoption, alleging that appellant had deserted his son and that appellees *128 had no knowledge of appellant’s residence nor mailing address. The trial court issued an order of adoption in February of 1975. Appellant subsequently learned of the adoption order, and immediately filed a petition for writ of habeas corpus, seeking custody of his son. Although the court awarded temporary custody to appellant, the petition for habeas corpus was ultimately denied and permanent custody awarded to appellees. Appellant then filed a motion to vacate the judgment of adoption, whereupon the trial court found that appellant was not afforded an opportunity to be heard at the final hearing. After holding two pre-trial conferences, the trial court held that appellees had the burden of proving abandonment of Eric by appellant as a prerequisite to their being awarded custody, that the court would be bound by the determination rendered in the habeas corpus proceedings, that the best interest of the child would be served by maintaining custody in appellees, and that the court would hear no testimony as to the best interest of the child except as to a substantial change in circumstances from the time of the final hearing in the habeas corpus proceeding. A final hearing was held on the adoption petition filed by appellees, whereupon the trial court entered its final judgment which held that appellant had abandoned the minor child, that the interest of the child would be promoted by the adoption, and that the child was suitable for adoption.
Crucial to the decision by the trial court to order the adoption of the child by appellees is the finding that appellant abandoned his son. In order for there to be a finding of abandonment, a parent must be found by his actions to have totally relinquished or forfeited his right to continue as a legal parent. Temporary failures and derelictions seldom justify permanent deprivation of a parental right. See In Re Adoption of Gossett, Fla.App. 1st 1973, 277 So.2d 832. The trial court correctly determined that appellees had the burden of showing abandonment. Pole v. Bowen, Fla. App. 1st 1972, 269 So.2d 707.
Evaluated by the above-discussed standards, the evidence presented in the case sub judice falls short of the showing required to establish abandonment. Prior to his former wife’s death, appellant was in constant contact with Sharon and his minor child, both by mail and by telephone. Moreover, his efforts at providing child support were consistent, if not totally in compliance with the terms of the final judgment of dissolution. After Sharon’s death, the contact which appellant maintained with his son can best be described as “minimal”, but his actions during this period cannot be considered abandonment. Even during that period, appellant attempted to locate his wife and child, and continued sending birthday and Christmas presents to his son through his former in-laws. Finally, when appellant learned of his former wife's death and that his son had been adopted by appellees without notice to appellant, he diligently attempted to regain custody of his son. Clearly, appellant’s conduct did not constitute a settled purpose to permanently forego all parental rights and claims.
Appellees have relied on In Re Adoption of Layton, Fla.App. 3d 1967, 196 So.2d 784. However, that case is factually distinguishable. In that case, the parties separated in September of 1958. From that time until 1963, the natural father of the minor child attempted only one time to communicate with his son, sending him a telegram and a present. Although the court in that case took into consideration the father’s request for visitation privileges in 1963, the court concluded that, “ * * * the record is still permeated with his indifference toward the child. * * * ” (In Re Adoption of Layton, supra, at 786). Sub judice, the record indicates that appellant has exhibited a continuing interest in his child. Therefore, the court erred in concluding that appellant had abandoned his child.
Appellant also challenges the pretrial ruling of the trial court that it was bound by the determination in the prior habeas corpus proceeding in which it was determined that the best interest of the child would be served by maintaining custo *129 dy in appellees. Initially, we note that the issues in the habeas corpus and adoption proceeding, while similar, are subtly, yet distinctly, different. In the habeas corpus proceeding, the issue was whether the best interest of the child would be served by awarding permanent custody to appellees while permitting visitation to appellant. The issue in an adoption proceeding is distinct from that determined in prior custody proceedings. (Modaesi v. Taylor, Fla.App. 1st 1958, 104 So.2d 664; see also Harden v. Thomas, Fla.App. 1st 1976, 329 So.2d 389). In the adoption action, the primary issue was whether the best interest of the child would be served by completely severing the child’s relationship from his father and ordering the adoption of the child by the appellees. Thus, the trial court was in error in ruling that resolution of the custody issue in the prior habeas corpus proceeding would be determinative of the primary issue regarding the best interest of the child in the adoption proceeding.
Accordingly, the final judgment of adoption is reversed and set aside.
REVERSED.
McCORD and MILLS, JJ., concur.