343 So.2d 1361 (1977)
Glenn Clifton DURDEN, Appellant,
v.
In re the Petition of George HENRY, Jr. and Mildred Davis Henry, Appellees.
No. CC-255.
District Court of Appeal of Florida, First District.
April 6, 1977.
J.B. Walkup, Jr., of Blowers, Walkup, Berk & Tucci, Ocala, for appellant.
Phil Trovillo, Ocala, for appellees.
ERVIN, Judge.
This is an appeal by the natural father from a final judgment of adoption of a nearly two-year-old child awarded to the maternal grandparents of the child. The father and mother were divorced on March 21, 1975, custody of the child was awarded to the wife, with reasonable visitation to the father. Pursuant to a property settlement agreement, the father was directed to pay child support. The mother of the child, following dissolution of the marriage, took it to live in her parents' home and thereafter signed a consent for the child to be adopted by her parents. Subsequently George and Mildred Henry filed their petition for adoption.
The findings in support of the judgment of adoption generally state that since the time the child was placed in the Henrys' home, Durden had only visited it two or three times. Moreover, Durden had not made regular or substantial payments of money for support of the child during the time it was in the Henrys' home and that Durden still owed $160.00 in medical payments on the child's pediatrician's bill which had been reduced from $400.00. Additionally, during the first few months of the child's life and apparently during the existence of the marriage the father placed the child in a home without running water or other sanitary facilities and permitted the child to have a babysitter who did not keep the child from being bitten by mosquitoes and fleas. The babysitter also placed paper diapers on the child even though it was allergic to them as the father well knew.
The court noted, however, that Durden had since placed his child in the home of his parents and that he was assisted in the care and custody of the child by his parents. The court also observed that the child was well cared for when kept in the home of its father's parents where its father permanently resided. Moreover it specifically made no finding that the father was an unfit parent.
We reverse. The burden was upon the petitioners seeking the adoption, *1362 without the natural father's consent, to present by clear and convincing evidence facts justifying a judgment of adoption taking from the father his privileges and responsibilities as a parent. E.g., In re Adoption of Gossett, 277 So.2d 832 (Fla. 1st DCA 1973); La Follette v. Van Weelden, 309 So.2d 197 (Fla. 1st DCA 1975). More must be shown other than the natural father had failed to visit his child regularly or that he had failed to make regular payments on behalf of the child. As stated by this court in In re Adoption of Gossett, supra, at 834:
"It is an established principle of law observed by most appellate courts of this state that a natural parent should not be deprived of the privileges and responsibilities of parenthood unless in some fashion he has abandoned his child or otherwise demonstrated that he is not a fit subject to continue to enjoy the privilege. It is also held that even though temporary failures and derelictions of parents may justify temporary deprivation of the custody of their children, it will seldom justify the permanent deprivation of parental rights resulting from the finality of an adoption decree."
Finally, as this court observed in In re Adoption of Lewis, 340 So.2d 126, 128 (Fla. 1st DCA 1976):
"Crucial to the decision by the trial court to order the adoption of the child by appellees is the finding that appellant abandoned his son. In order for there to be a finding of abandonment, a parent must be found by his actions to have totally relinquished or forfeited his right to continue as a legal parent."
The final judgment of adoption is reversed and set aside.
MILLS, C.J., and JOPLING, WALLACE M., Associate Judge, concur.