RAWLS, Acting Chief Judge.
The final judgment entered by the trial court granting, over the objection of the natural father, Mason’s petition to adopt the minor child, Katherine Louise, found, inter alia:
*145 “3. That the Court has found that while the natural father has not completely abandoned the child, he has demonstrated a high degree of indifference and a lack of interest in the welfare of the child.” (emphasis supplied)
In its order denying a motion for rehearing, the trial court found, inter alia:
“1. That the Court’s ruling in this case was not based on any finding of fact that the natural father was behind in support payments at the time of this hearing. “2. That the Court did take into account in making its Final Judgment of Adoption, that at times the natural father fell behind in making support payments, and at times for periods up to three months before catching up, the Court felt that it was in the best interest of the minor child that the Petition for Adoption be granted.”
The record in this cause overwhelmingly supports the trial judge’s finding that the natural father has not abandoned his child. In Re Adoption of Lewis, 340 So.2d 126 (Fla. 1st DCA 1976). Glaringly missing in this record is any substantial evidence that the natural father is not a fit subject to continue the privileges and responsibilities of parenthood. Durden v. Henry, 343 So.2d 1361 (Fla. 1st DCA 1977); and In Re Adoption of Gossett, 277 So.2d 832 (Fla. 1st DCA 1973).
Upon the trial court’s findings, which are supported by the record, the judgment appealed is
REVERSED.
SMITH and ERVIN, JJ., concur.