ERVIN, Judge,
dissenting.
Despres appeals the court’s judgment awarding adoption of his natural child to appellee Pagel, the second husband of Despres’ former wife. In January, 1976, Pagel petitioned for adoption of the child, alleging abandonment by Despres who was then in prison at Cross City, Florida. Despres filed a sworn answer denying abandonment, stating that on numerous occasions in 1974 and before, he had attempted to keep a relationship with the child which was frustrated by the mother; that until his incarceration in 1974, he made offers of child support, and that on one occasion, following his imprisonment, he sought permission to visit the child. His answer requested that the adoption petition be set aside, that his answer be considered by the court, that a hearing be held where he could appear and give testimony, and that he be appointed counsel because he was indigent. Notice of trial was sent to Despres in prison on July 12, 1976, setting a trial for September 13, 1976. No ruling was made by the court on Despres’ request for counsel and nothing was done to secure his attendance. In August, Despres filed another pro se answer which was identical to the first. On September 15, 1976, the court held trial on the petition, entered a finding of abandonment by the father, and ordered the adoption, noting that the natural father did not appear in person or through counsel. A copy of the judgment was sent to Despres in prison in Cross City. In April, 1977, a legal aide lawyer moved the court to set aside the final judgment under Fla.R.Civ.P. 1.540(b) alleging that Despres, through excusable neglect, was unable to attend the hearing because he was incarcerated, he had no attorney and was without sufficient knowledge to petition for a writ of habeas ad testificandum or to move the court for an order to compel his transportation. The court ordered a hearing on the motion, and Despres with his lawyer were heard by the court in June, 1977. Following the hearing an order was entered denying the motion for relief, reciting only that the court had heard argument.
*907 Fla.R.Civ.P. 1.540(b) grants a party relief from a judgment on the grounds, inter alia, of mistake, inadvertence, surprise or excusable neglect. In my judgment, Despres’ failure to seek a hearing on his request to present testimony should be considered a mistake. Mistake is defined in Black’s Law Dictionary, 1152 (Rev. 4th ed. 1968) as “some unintentional act, omission or error arising from ignorance, surprise, imposition, or misplaced confidence . . . .” Despres was simply ignorant of the law’s requirement that he must set for hearing, or file a petition for writ of habeas corpus ad testificandum, his request to present evidence at the adoption proceeding.
Many cases have permitted defaults vacated or judgments set aside due to excusable neglect or mistake by counsel. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (1942); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971). In Kalin, following an attorney’s failure, despite notice, to attend pretrial conference, a trial court proceeded ex parte and entered judgment in favor of the plaintiff. The defendant’s counsel sought to set aside the judgment on the ground of mistake, alleging that his secretary had not properly noted the date in his diary book. In reversing the order denying the motion, the Fourth District Court of Appeal noted that the failure of counsel to attend pre-trial conference should not serve as a predicate upon which to punish a litigant and that the rights of parties to the possession of property ought not be summarily determined without a trial on the merits. If Rule 1.540(b) allows relief to a party resulting from his lawyer’s excusable neglect or mistake, it is inconceivable that Despres should be held to a higher standard of care than that of an attorney disciplined in the complexities of the law.
An adoption proceeding which seeks to take a child from the natural father in the absence of his consent is a drastic action, one which should be granted only with caution and only after facts are presented showing clearly and convincingly that the petition has merit. Cf. Durden v. Henry, 343 So.2d 1361 (Fla. 1st DCA 1977). Chapter 63 “contemplates that ... a natural parent should be afforded a full and complete opportunity to object to an adoption in an adversary proceeding in which the rights of the parent should be accorded due recognition.” Wiggins v. Rolls, 100 So.2d 414, 416 (Fla.1958). The majority holds that due to Despres’ failure to request a hearing, he in effect forfeited the right to present evidence showing he had not abandoned his child. I cannot believe Rule 1.540(b) does not encompass the relief later sought by him. I think the court had before it a sufficient record from which ignorance of the law could be inferred, and the denial of the relief requested, in my opinion, was an abuse of discretion. I would reverse the judgment of adoption and remand for a trial on the merits, with directions Despres be afforded the opportunity to appear and give testimony.