371 So.2d 140 (1979)
Douglas NELSON, Appellant,
v.
Harold HERNDON and Linda Gail Herndon, His Wife, Appellees.
No. KK-459.
District Court of Appeal of Florida, First District.
February 23, 1979.
Walter R. Carfora, Gainesville, for appellant.
C. Valentine Bates of Bates & DeCarlis, Gainesville, for appellees.
PER CURIAM.
Nelson appeals a judgment of adoption awarding his seven-year-old daughter to *141 Harold Herndon and Linda Gail Herndon. The mother of the child is deceased. We reverse.
Under the evidence presented, the only legal basis upon which this adoption could be granted is by a showing of abandonment of the child by the natural father. It fails in this respect and the trial court so found. See Harden v. Thomas, 329 So.2d 389 (Fla. 1 DCA 1977); Turner v. Adoption of Turner, 352 So.2d 957 (Fla. 1 DCA 1977); § 63.072, Florida Statutes (1977).
REVERSED.
McCORD, C.J., and MELVIN, J., concur.
MILLS, J., specially concurring.
MILLS, Judge, specially concurring:
Reluctantly, I concur with the majority.
Since the passage of Section 63.072, Florida Statutes, which became effective on 1 October 1973, the consent of a parent to an adoption may be excused by the court in certain specified circumstances. For the best interest of the child is not included among the circumstances.
In this case, the trial court did not find that the father had abandoned his child but did find that it was in the best interest of the child that she be adopted. The evidence clearly and convincingly supports this finding.
It is unfortunate that the Herndons who have been good parents to the child for more than half of her life and who the child looks upon as her parents may not become her legal parents. Particularly is this true where the father admits that the Herndons have done an excellent job in raising the child.
Because children will be faced with such circumstances as have arisen in this case in the future, I suggest that the Legislature consider amending Section 63.072 to include for the best interest of the child as a circumstance permitting the court to excuse the filing of a consent by a natural parent.
It is also clear that although the father did not legally abandon the child, his actions were worse. Abandonment would have been better for the child.