490 So.2d 1297 (1986)
Sharon HAMILTON, Appellant,
v.
Ann BEARD and Eugene Beard, Appellees.
No. 85-1865.
District Court of Appeal of Florida, Second District.
June 20, 1986.
Rehearing Denied July 7, 1986.
Wm. Bruce Smith, Lakeland, and Jean M. Henne, Winter Haven, for appellant.
Richard D. Mars, Bartow, for appellees.
SCHEB, Acting Chief Judge.
Sharon Hamilton contends the trial court erred in setting aside a final judgment of adoption. We agree.
On March 16, 1984, Sharon Hamilton filed a petition to adopt the natural minor child of her husband, Paul W. Hamilton. Her husband joined in the petition, filing a written consent for the adoption. On April 30, 1984, the trial court entered a final judgment of adoption in her favor.
On October 5, 1984, Ann and Eugene Beard, the child's maternal grandparents, moved to set aside the final judgment of adoption. They alleged that at the time the adoption order was entered, they had pending a petition seeking visitation rights with the child, and the Hamiltons had failed to notify them of the filing of the petition for adoption.
While the motion to set aside the adoption was pending, another trial judge dismissed the Beards' petition for reasonable visitation based on the final order of adoption. The Beards did not appeal this order of dismissal.
On July 29, 1985, a third trial judge granted the Beards' motion to set aside the adoption. This judge found that "the maternal grandparents were surprised by the action of the natural father and [his wife] and could not, with reasonable diligence, protect themselves from the consequences of such surprise."
We agree with Sharon Hamilton that the trial court erred in setting aside the final order of adoption. Adoption proceedings are wholly statutory in nature since the right of adoption was unknown at common law. In re Adoption of Palmer, *1298 129 Fla. 630, 176 So. 537 (1937); Harden v. Thomas, 329 So.2d 389 (Fla. 1st DCA 1976). The child's natural mother had died in 1980, and the natural father had custody of the child. Only his consent to the adoption was necessary, which he gave in writing. §§ 63.062(1) and 63.122(4)(c), Fla. Stat. (1983). Thus, the maternal grandparents were not entitled to notice of the adoption proceedings.
At oral argument, the parties' counsel acknowledged that the grandparents could not avail themselves of section 752.07, Florida Statutes (Supp. 1984), which provides for survival of visitation rights of grandparents in a stepparent adoption. Even if we could apply that statute, it would not assist the grandparents here because they had no court-ordered visitation rights before the adoption. In any event, the visitation issue involved a separate proceeding which culminated in a final order adverse to the grandparents, and they failed to take an appeal from that order.
Accordingly, we reverse and remand for reinstatement of the final judgment of adoption.
DANAHY and FRANK, JJ., concur.