593 So.2d 1176 (1992)
Walter KUPEC, etc., Appellant,
v.
Lydia COOPER, etc., et al., Appellees.
No. 91-1102.
District Court of Appeal of Florida, Fifth District.
February 14, 1992.
*1177 Charles L. Steinberg, Orlando, for appellant.
J. Michael Malone, Orlando, for appellees.
COBB, Judge.
Walter Kupec appeals a final judgment of the circuit court finding that he is not entitled to inherit from his natural father's estate because he was legally adopted by his stepfather. We find that Kupec was not legally adopted by his stepfather and is entitled to inherit from the estate of his natural father.
Walter Kupec was born on October 23, 1948. His mother, Anastazia Hajko and father, Mikola Polschenko, were residents of refugee camps in post-World War II Germany. Early in the summer of 1949, Mikola left Anastazia and the baby. They had never married. Anastazia married Wasyl Kupec in March of 1950. The Kupecs obtained a birth certificate from German authorities which named Wasyl as Walter's father. They never went before a court or a judge to legally adopt Walter. Anastazia, Wasyl, and Walter immigrated to the United States and settled in Pennsylvania. Mikola Polschenko also immigrated to the United States and eventually settled in Florida. Walter did not know that Wasyl was his stepfather until his natural father contacted him in 1985. Walter and Mikola met and maintained contact with each other until Mikola's death on November 12, 1989. He died intestate and was also survived by a wife and daughter.
The circuit court found that Walter was the natural son of Mikola, but that he was legally adopted by Wasyl and was Wasyl's legal heir. The court held that the sole heirs of Mikola Polschenko were his widow and daughter.
On appeal, Walter Kupec argues that the trial court erroneously determined that he had been legally adopted by Wasyl Kupec because there was never a judgment of adoption. Furthermore, the trial court erroneously applied the theory of equitable adoption to change his status to that of a legally adopted child who is not able to inherit from his natural father. The appellees, Polschenko's widow and daughter, argue that the trial court based its decision on substantial and competent evidence and properly found that the Kupecs arranged for and obtained an adoption pursuant to German regulations.
First, we note that equitable adoption has no application to the facts of this case. Equitable adoption is established when it is shown that the decedent agreed to adopt a child, the natural parent acted in reliance, and the child was treated as the child of the decedent, but there is no legal adoption. Sheffield v. Barry, 153 *1178 Fla. 144, 14 So.2d 417 (1943). This doctrine is applied in an intestate estate to give effect to the intent of the decedent to adopt and provide for the child. If no legal adoption occurred and Wasyl Kupec were to die intestate, Walter could use the theory of equitable adoption to inherit a share of his estate. However, application of this doctrine does not change his status to that of a legally adopted child. In re Estate of Wall, 502 So.2d 531 (Fla. 4th DCA 1987). Equitable adoption could only affect his rights against the intestate estate of Wasyl Kupec. It does not affect his rights against the intestate estate of his natural father, Mikola Polschenko.
Adoption was unkown at common law and exists only by statute. An adoption is a purely statutory proceeding, and, as such, the validity of the proceeding and effect of an adoption decree is dependent on substantial compliance with the statutory requirements. In re Palmer's Adoption, 129 Fla. 630, 176 So. 537 (1937).
By statute, a judgment of court establishing the relationship of a parent and child by adoption, which is issued pursuant to due process of law, by a court of any jurisdiction within or without the United States will be recognized by Florida. Section 63.192, Fla. Stat. (1991). If the evidence shows that the adoption proceedings were in compliance with another state's law and that law is similar to the law of Florida, then Florida will give it full faith and credit. Wright v. Brown, 146 Fla. 572, 1 So.2d 871 (1941). However, Florida courts need not adhere to or enforce an adoptive status or the rights flowing therefrom when the adoption is repugnant to the laws or policies of Florida. Tsilidis v. Pedakis, 132 So.2d 9 (Fla. 1st DCA 1961) (Greek adoption by unmarried man repugnant to the laws and policies of Florida).
Florida courts should not enforce the German "adoption" in this case. The statutes provide for recognition of a judgment of court which establishes an adoptive relationship. There is no judgment of any court which provides for the adoption of Walter Kupec by Wasyl Kupec. As such, there is nothing that the Florida courts can recognize. Moreover, no evidence in the record on appeal suggests that German adoption law is similar to Florida adoption law and deserving of Florida's recognition. The Kupecs told the German authorities that Wasyl was Walter's father and obtained a false birth certificate. Nothing suggested that there was the consent of the natural father, a petition for adoption, notice of a hearing, or even a hearing itself. Even if merely obtaining a new birth certificate was the method of adoption in Germany in 1950, this process is repugnant to the laws and policies of Florida and should not be recognized or given effect.
The trial court erred in finding that Walter had been legally adopted and in holding that he was not entitled to an intestate share of the estate of his natural father, Mikola Polschenko.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GOSHORN, C.J., and RICHARDSON, E.J., Associate Judge, concur.