793 So.2d 91 (2001)
In re ADOPTION of A.F.S., a child.
M.J. and R.E., mother and father, Appellants,
v.
C.S. and D.S., prospective adoptive parents, Appellees.
No. 2D00-4776.
District Court of Appeal of Florida, Second District.
August 15, 2001.
*92 Michael C. Berry, Clearwater, and Susan L. Stockham, Sarasota, for Appellants.
Arthur C. Ginsburg of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellees.
ALTENBERND, Judge.
R.E. and M.J., the birth parents of a minor child, appeal a nonfinal order denying their motion to dismiss a petition for adoption of the child filed by C.S. and D.S. Our jurisdiction is limited to considering whether the trial court has personal jurisdiction over the birth father, R.E., and whether the trial court abused its discretion in refusing to transfer this case to the Republic of the Marshall Islands.[1] We affirm, without comment, the trial court's order on these two issues. We write only to urge the trial court and the parties to expedite this matter to the greatest extent possible.
This contested adoption proceeding was filed in March 1998. It allegedly involves a child who was born in the Marshall Islands, and who resided there with her mother and paternal grandparents until she was 15 months old. At that time, in November 1997, the child and birth mother were flown to Hawaii, where the child was "placed" in the care of the prospective adoptive parents, C.S. and D.S., residents of the State of Florida. Thereafter, the prospective adoptive parents brought the child to Florida but did not file an adoption proceeding until the birth mother sent them a letter demanding the return of the child.
In the three years since this petition for adoption was filed, the birth parents have raised numerous pretrial motions that allege serious irregularities in this attempted adoption, including, but not limited to (1) a consent form from the birth mother that does not comply with the laws of any jurisdiction involved, (2) a lack of consent by the known birth father, (3) the lack of an appropriate home study, and (4) the placement of the child by an unlicensed child placing agency.
Adoption is a statutory proceeding, and the validity of any adoption generally depends upon substantial compliance with the statutory requirements. Kupec v. Cooper, 593 So.2d 1176 (Fla. 5th DCA 1992). In addition, any contested adoption necessarily involves the birth parents' fundamental rights to the care and upbringing of their child. See Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); Beagle v. Beagle, 678 So.2d 1271 (Fla.1996). Our limited record includes some documents that appear to support these allegations. Nevertheless, the parties have yet to present this case for final hearing.[2]
*93 Given our limited jurisdiction and our limited record, we cannot properly assess the merits of this case. We are concerned, however, about the delay in its resolution. The interests of a five-year-old child are at stake. As such, we strongly encourage the trial court and all parties to take whatever steps necessary to expedite this proceeding.
Affirmed.
PARKER, A.C.J., and SALCINES, J., Concur.
NOTES
[1] The birth parents have not sought review of the other aspects of this order by petition for certiorari. In motions before this court, the adoptive parents asserted that the other aspects of this order were not appropriate for certiorari review, and the birth parents did not challenge that assertion.
[2] It does not appear from our record that the birth parents have sought habeas corpus relief, which may have provided for a more expeditious resolution. See ch. 79, Fla. Stat. (2000); Roberts v. Fla. Dep't of Children & Families, 687 So.2d 51 (Fla. 3d DCA 1997).