ANTOINE F. SOUCEK v. MARIE KREYSOVA MELVIN and her husband WILLIAM H. MELVIN.

32 So. (2nd) 912                 June Term, 1947
December 16, 1947                 Division B

*James Nemec,* for appellant.
*Clyde Trammell,* for appellees.

BUFORD, J.:

This was an adoption proceeding under Chapter 72 Florida Statutes 1941 as amended (same F.S.A.).

When the proceedings were filed it was sought to have constructive service by publication on the father of the two children.

The father received some sort of notice while in a foreign country and immediately sent a telegram which in due course was delivered to the Clerk of the Circuit Court of Palm Beach County, Florida, reading as follows:

"1946 Sept 7 7 22

Q.NA 261 INTL-CD PRAHA VIA RCA32 SEPT 6

NLT ALEX ARNETTE, CLERT CIRCUIT COURT
WEST PALM BEACH, FLA.

"AT PRESENT IN EUROPE CANNOT BE PRESENT IN COURT NOR BY ATTORNEY PROTEST PETITION 22187 WILL NEVER CONSENT TO THE ADOPTION OF MY CHILDREN.

SOUCEK."

This telegram was filed on September 9th 1946 in the cause and we hold that it constituted a protest on the part of the father against the adoption.

The cause then proceeded to the entry of interlocutory decree on February 4th 1947 and to final decree entered on March 25th 1947.

The record discloses that although the petitioner was cognizant that the father of the children was in the State of Florida and although no decree pro confesso was ever entered in the proceedings, there was never any effort made to give the father of the children any notice of any hearing in the cause.

On the 9th day of April, 1947, the father of the children having learned of the entry of the decree of adoption, petitioned the court to set aside the interlocutory order and the final decree and on April 18th 1947 filed a supplemental petition in this regard. These petitions were denied.

Section 72.21, 1945 Cumulative Supplement to Florida Statutes 1941 (same F.S.A.) provides:

"Proceedings to be as in Chancery.—All proceedings herein shall be as in Chancery and shall be governed by the same rules as in other chancery causes, except as may be herein expressly changed or modified."

We think it was error for the court to proceed to hearing on application for interlocutory order and to final hearing without proof of notice of such hearing having been given to the protesting father of the two children involved. See Fielding v. Highsmith, 152 Fla. 837, 13 So. (2nd) 208; In re: Whetstone v. Minor, 137 Fla. 712, 188 So. 576.

The petition to set aside and vacate the interlocutory order and final decree of adoption should have been granted.

The order and decree appealed from are reversed with directions that the interlocutory order and the decree of adoption be set aside and vacated and that the cause do thence proceed after due notice to all interested parties, including the natural father of the two children involved in the proceeding.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.