60 So.2d 186 (1952)
GRAHAM
v.
STATE.
Supreme Court of Florida, Special Division B.
August 5, 1952.
*187 Sam E. Murrell, Orlando, and F.G. Janes, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
FUTCH, Associate Justice.
This case comes to this Court on appeal from the Criminal Court of Record in and for Polk County, Florida.
Appellant was informed against by the County Solicitor on two counts, each charging a different offense under statutes.
Motion to quash each count of the information was interposed by the defendant and denied by the Court. Whereupon, trial was had and the jury returned a verdict of guilty on each count of the information. Motion for new trial and motion in arrest of judgment were made and denied. Judgment and sentence were made and entered and an appeal has been perfected to this Court.
Twenty-one grounds of appeal are assigned upon which appellant poses four questions. Passing, but not deciding, question number one, we will dispose of question number two at this point. This question challenges the legality of certain evidence secured by two deputy sheriffs by search of appellant's automobile. Deputy Sheriff Williams gives as his cause for arrest that he saw appellant drive across the center line of the road between Fort Meade and Bartow two or three times as he followed her down the road. He does not claim that she was speeding. His claim is that after seeing her cross the line three times he blew his siren for her to stop and had to blow the third time before appellant finally stopped and he placed her under arrest for reckless driving. At another time in his testimony Williams stated that he was sitting on the side of the road when he first blew his siren. There is no claim by the deputy that traffic was heavy or that the appellant by crossing the center line endangered herself, her automobile or that she endangered any other person or the property of any other person. There is no claim that she was driving on a curve or over a hill. The only act advanced as an element of reckless driving was that she crossed the center line. Whether she crossed the line with one wheel or with more than one wheel is not stated. Reading Deputy Williams' testimony in its most favorable light to sustain the arrest for reckless driving, there is no escaping the conclusion that he was waiting beside the road for this particular appellant to come by and he used reckless driving as an excuse and not for a lawful cause for stopping defendant and placing her under arrest. No charge was ever made against the defendant for reckless driving except the verbal charge made by the deputy at the time of arrest on the road. When appellant was taken to jail Deputy Williams said nothing about a charge against her for reckless driving and Williams testified that he did not have time "to stay there any longer and book her myself." The record shows that Deputy Trantham "booked her after the lottery tickets were brought in." So much for the arrest. There was no lawful arrest of appellant prior to the search of her automobile and her person. Deputy Williams claims to have made a partial search of the appellant's automobile when he stopped her out on the road and to have taken an envelope containing money out of her pocket. He required her to drive her automobile to the jail in Bartow, where she was required to enter the jail and submit to a search of her person by the Matron. No evidence of lottery was found on her person. After reaching the jail Deputy Williams requested Deputy Trantham to further search appellant's automobile. Trantham made further search of the automobile and came up with what he and Williams say were lottery ticket books. All searching of appellant's person and automobile was based on the pretended reckless driving charge.
If one is to be charged with reckless driving for crossing the center line of the road, except where "no passing zones" have been plainly marked, then we are all going to jail, sooner or later. There is nothing in the record to show that the center line was so much as marked at the place where the alleged violation took place. Were the crossing of the center line of *188 a road cause for arrest one would never be able to pass a slow moving vehicle in front of him, nor would he be able in many cases to see ahead to determine if he had room to pass before meeting oncoming traffic.
The initial arrest was unlawful and the search of the person and automobile as incident thereto was unlawful and unreasonable.
Reversed with instructions to grant a new trial.
It is so ordered.
SEBRING, C.J., and TERRELL and ROBERTS, JJ., concur.