100 So.2d 414 (1958)
Raymond WIGGINS, Appellant,
v.
William Henry ROLLS, Appellee.
Supreme Court of Florida.
February 12, 1958.
*415 Jack M. Turner, South Miami, for appellant.
Goldman & Goldstein, Miami, for appellee.
THORNAL, Justice.
Appellant Raymond Wiggins, who was respondent below, seeks reversal of a decree of the Chancellor granting an application of appellee William Henry Rolls, petitioner below, to adopt the minor daughter of appellant.
The determining question is whether the evidence is sufficient to establish that the welfare of the child justifies the decree of adoption in the face of the contention that appellant has not surrendered his rights as natural parent.
Appellant Raymond Wiggins and Maggie Wiggins (now Rolls) were divorced on August 27, 1952. They were the natural parents of the minor Margie Wiggins who was born November 17, 1946. By the divorce decree and pursuant to a separation agreement, custody of the child was awarded to the mother, with reasonable visitation privileges by the father who was also directed to pay to the mother $10 per week for the support of the minor. The former Maggie Wiggins and appellee William Henry Rolls were married on February 23, 1953. Appellee William Henry Rolls, with the consent of his wife Maggie Wiggins Rolls, filed a petition for adoption of the child on May 17, 1956. To support the adoption decree the record shows that Mr. Rolls is financially able to take care of the child; that he and the child have formed a very congenial relationship; that the mother of the child is of the view that the best interests of the child require the adoption; and that the child favors the adoption. The mother testified that on visits with her father the child "would become nervous."
In opposition to the adoption appellant Wiggins shows that since the divorce decree he has consistently every week sent to the mother funds to support the child. He has continued to demonstrate his parental affection to the child in every manner possible under the strained relationship between himself and the child's mother. He remembers her on holidays, birthdays and at Christmastime with appropriate gifts; he has written to her regularly and, although he is now residing in New York, he uses his vacation period each summer to come to Florida in order to see his daughter. Although recognizing the difficulty of the situation, the Chancellor was of the view that the child was fit for adoption and that appellee William Henry Rolls was a fit adopting parent. Pursuant to this view he granted the application for adoption. Reversal of his decree is now sought by the natural father.
The appellant contends that since he and the child's mother were separated he has consistently demonstrated his parental love and affection for his daughter and that he should not be denied his privileges as natural parent of the child.
The appellee contends that the evidence supports the conclusion of the Chancellor that the welfare of the child justifies the adoption.
We have held that adoption statutes should be construed to authorize the adoption of children by strangers only in cases where the natural parents consent or where there is proof that the child has been abandoned by its natural parents or where the parents have been permanently deprived of custody or, finally, that it is manifested to be to the best interests of the child that the adoption be decreed after due notice to the *416 natural parents. In re Whetstone, 137 Fla. 712, 188 So. 576.
Our adoption statute contemplates that in the absence of consent a natural parent should be afforded a full and complete opportunity to object to an adoption in an adversary proceeding in which the rights of the parent should be accorded due recognition. Sections 72.14 and 72.16, Florida Statutes, F.S.A.; Soucek v. Melvin, 159 Fla. 867, 32 So.2d 912. See also 1 Am.Jur., Adoption of Children, p. 642, Sections 41, et seq.
We deem it appropriate to emphasize that we are here dealing with the matter of adoption as distinguished from the matter of custody. The adoption decree finally and for all time determines the rights of the objecting parent. It completely severs the relationship of parent and child. The matter of what might appear to be for the best interests of a minor in determining temporary or prolonged custody will not always support a decree of adoption. Fielding v. Highsmith, 152 Fla. 837, 13 So.2d 208; Browning v. Favreau, Fla. 1952, 60 So.2d 186.
We are not here losing sight of the rule that the courts will always consider first and primarily the welfare of the minor. At the same time we are of the view that due regard should be given to the rights of a natural parent. He should not be deprived of the privileges and responsibilities of parenthood against his consent unless in some fashion he has abandoned his offspring or has otherwise demonstrated that he is not a fit subject to continue to enjoy the privilege. In Steets v. Gammarino, Fla. 1952, 59 So.2d 520, a case cited by both parties, we held that the conduct of a father in completely ignoring his child, failing to support him and totally disregarding every aspect of parental responsibility was sufficient to establish an abandonment that would justify a decree of adoption favorable to a stepfather. However, applying the rule of the last cited case in converse, we do not find in this record any element of abandonment by the natural father. True it is that by virtue of the divorce between him and the child's mother and the award of custody to the mother, he has not lived in the usual and customary family relationship with his daughter. However, the man has consistently shown his affection for his child; he has furnished funds for her support and maintenance; he has maintained as close a contact with her as the circumstances of the divorce and subsequent remarriage of both him and his former wife would permit; he has attempted to remember his child on all of the occasions when it is so important to a child to be remembered by a parent and, in actuality, his strenuous opposition to the adoption proceedings is in this instance some evidence of his willingness and desire to continue to discharge his obligations to support and maintain his daughter. If he were inclined to shirk this responsibility, an adoption decree in favor of appellee would be his easiest way out.
The attitude of the appellee William Henry Rolls is admirable and certainly sustains the view that he has been an affectionate and attentive stepfather. Again, we must state that we are not here passing on the question of proper custody of the child from day to day. We are here called upon to determine only whether the natural father has in some fashion sacrificed or surrendered his right to continue to be the child's father with attendant privileges to support her and visit with her at reasonable times. These responsibilities and privileges would be eliminated by the adoption decree. Likewise, we find little if anything in this record to lead us to the notion that the ultimate over-all long range welfare of the minor necessarily requires the adoption when balanced against the natural rights of the parent in this instance.
It is always with extreme reluctance that we come to a decision in conflict with the views of an able trial Chancellor who determines *417 problems of this nature in the first instance. However, our view of this record leads us to the conclusion that it fails to sustain the adoption decree under assault.
For the reasons stated, the decree is 
Reversed.
TERRELL, C.J., HOBSON and O'CONNELL, JJ., and PEARSON, District Judge, concur.