343 So.2d 1312 (1977)
J.O. TOWNLEY and Helen Townley, Appellants,
v.
MARION COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. CC-21.
District Court of Appeal of Florida, First District.
March 24, 1977.
Rehearing Denied April 21, 1977.
Kenneth E. Brooten, Jr., of Carter & Brooten, Gainesville, for appellants.
Robert S. Ryder, John P. McKeever, of Pattillo, MacKay & McKeever, Ocala, and Gordon G. Oldham, Jr., Leesburg, for appellee.
RAWLS, Acting Chief Judge.
By their amended complaint, plaintiffs (appellants) challenged the validity of Marion County Ordinance 73-5, whereby zoning regulations promulgated by the board of county commissioners were made applicable to all the area of Marion County outside incorporated municipalities. Upon consideration of the county's motion for judgment on the pleadings, the trial court entered its final judgment finding Marion County Ordinance 73-5 to be a valid exercise of the powers of self-government granted the Board of County Commissioners of Marion County by Article VIII, Sections 1(g) and 6(d), Florida Constitution (1968), and Section 125.01, Florida Statutes.
Prior to 1973, the Marion County Board of County Commissioners (Board) enforced zoning regulations pursuant to certain special acts of the Florida legislature which restricted its authority to specific limited geographical areas in the unincorporated area of the county. However, neither these special acts nor the areas defined therein are involved in this controversy.
In 1973, the Board, by enactment of the subject ordinance, declared its zoning regulations *1313 effective "within the entire territorial limits of Marion County, Florida, lying outside of the incorporated areas of municipalities".
The primary issue posed is whether the trial court erred in holding that a county, not operating under a county charter, could enact zoning regulations inconsistent with Part II, Chapter 163, Florida Statutes. We hold that it cannot.
It is elementary that counties are political subdivisions of the state and thus derive their powers from the constitution and laws of the State of Florida. Article VIII, Section 1(a), Florida Constitution. Counties not operating under county charters shall have only such power of self-government as provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law. Article VIII, Section 1(f), Florida Constitution.
An abstract of the Board's authority to enact the subject ordinance is necessary then for our determination. It is conceded by the Board that such authority is not derived from a special act. So, the constitutional grant of self-government as is provided by general law must be scrutinized. Section 125.01(1), Florida Statutes, reiterates the constitutional grant of authority, viz:
"(1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to, the power to:
.....
"(h) Establish, coordinate, and enforce zoning and such business regulations as are necessary for the protection of the public". (emphasis supplied)
Clearly, the legislature has by general law granted to the Board the power of zoning the property here involved.
Having already observed that we are not concerned here with any special law, our inquiry is thus restricted to the question of whether the subject ordinance conflicts with any general law.
Part II, Chapter 163, Florida Statutes, entitled County and Municipal Planning for Future Development, is a general law that provides a mechanism for the adoption and enforcement of zoning regulations. It specifically exempts special acts relating to zoning or planning. Section 163.165, Florida Statutes, expresses the legislative intent as:
"(2) The provisions of this Act in its interpretation and application are declared to be the minimum requirements necessary to promote the public health, safety... ."
The broad powers of zoning granted by the provisions of Section 125.01(1)(h) do not establish any objective guidelines and standards under which such authority may be exercised. However, when read in pari materia with the provisions of Part II, Chapter 163, Florida Statutes, we perceive a clear legislative scheme for implementation of the broad zoning authority granted to non-charter counties by the provisions of Chapter 125, Florida Statutes.[1]
The trial court, citing an Attorney General's Opinion (075-63), was of the view that the language of Sections 163.160 and 163.315, Florida Statutes, are "to be effective only when the governing body of the county takes formal action declaring an election to proceed under Part II and that the powers granted are supplemental and in addition to such other authority as might exist in county government in the area of zoning, planning and plan implementation."
It is our view that the "supplemental and in addition to such other authority" relates *1314 to specific zoning powers granted by special acts or to charter counties. The clear language of legislative intent expressed in Section 163.165(2), that the provisions of the Act are declared to be minimum requirements for the protection of the "public health, safety, comfort, good order, appearance, convenience, morals and general welfare; to conserve the value of land, buildings and resources", supplements the broad powers granted in Chapter 125, Florida Statutes. These minimum detailed objectives, coupled with the other extensive due process requisites of Chapter 163, provide a palatable juridical definition of "protection of the public" as found in Section 125.01(1)(h), Florida Statutes.
The Board having conceded by its brief:
"For purposes of disposition of the Motion for Judgment on the Pleadings, the COUNTY conceded that in enacting Ordinance 73-5 it had not adopted a formal resolution electing to proceed under Chapter 163, Part II, Florida Statutes, nor adopted a comprehensive general plan and provided for annual review thereof in the manner prescribed by Chapter 163, Part II, Florida Statutes."
the judgment of the trial court is REVERSED.
SMITH and ERVIN, JJ., concur.
NOTES
[1] Appellants' view that Part II, Chapter 163, Fla. Stat., is a limitation on the scope of Section 125.01, Fla. Stat.: "... the power to carry on county government. To the extent not inconsistent with general or special law . ." is reinforced by an awareness that Section 125.01(1)(h), Fla. Stat., was not adopted as the law of this state until May of 1971, while Part II, Chapter 163, Fla. Stat., became effective in 1969.