QUESTIONS:
1. May a county charter provide for a board of county commissioners composed of more than five members, notwithstanding s. 124.01, F. S.?
2. May a county charter employ single-member districts in connection with board of county commissioners' elections?
SUMMARY:
Section 1(e), Art. VIII, State Const., authorizes a county to provide by charter for more or less than five members of its governing body and to provide for their election from single-member districts.
AS TO QUESTION 1:
Your first question is answered in the affirmative.
Section 1(e), Art. VIII, State Const., provides for the composition, reapportionment, and election of the board of county commissioners in the following language:
 Commissioners. Except when otherwise provided by county charter, the governing body of each county shall be a board of county commissioners composed of five members serving staggered terms of four years. After each decennial census the board of county commissioners shall divide the county into districts of contiguous territory as nearly equal in population as practicable. One commissioner residing in each district shall be elected by the electors of the county. (Emphasis supplied.)
The exception relating to county charters provided in s. 1(e), Art. VIII, supra, relates to the whole of that subsection. Socash v. Volusia County, Case No. 51,920, 7th Judicial Circuit (July 24, 1972), aff'd mem., 267 So.2d 77 (Fla. 1972). A county charter may, therefore, provide for a form of county government different from that provided for by the remaining language of s. 1(e), Art. VIII. (Charter counties may not, however, abrogate the duties imposed by the Constitution or by law upon their governing bodies. See, e.g., AGO's 074-265 and 073-356). Given this specific constitutional authorization, a county charter may provide for a form of county government different from that provided by general law. See Dade County v. Young Democratic Club, 104 So.2d 636, 639 (Fla. 1958); AGO's 071-294 (chief distinction between charter and noncharter counties is in form of government former may adopt) and 071-109 (county charter may not be inconsistent with general law unless express constitutional authority can be found therefor); cf. General Electric Credit Corp. v. Metropolitan Dade County,346 So.2d 1049, 1054 (3 D.C.A. Fla., 1977) (general law equally at force throughout the state prevailed over zoning review procedures of County Code of Metropolitan Dade County to the extent that the two conflicted). In such a case, there is no `inconsistency' between the county charter and general law within the meaning of s. 1(g), Art. VIII, State Const.; the exception provided for county charters in s. 1(e), Art. VIII, necessarily constitutes an exception to the provisions of general law as well. See Dade County v. Young Democratic Club, 104 So.2d at 639; AGO 071-109. It has therefore been expressly held that a county charter providing for other than five members of its governing body is `constitutional' and `valid.' Socash v. Volusia County, No. 51,920, 7th Judicial Circuit (July 24, 1972), aff'd mem.,267 So.2d 77 (Fla. 1972).
It should be pointed out that the foregoing relates only to charter counties. Noncharter counties are strictly subject to the provisions of the Constitution and of general law pertaining to the composition and election of their governing bodies. Section 1(e) and (f), Art. VIII, State Const.; s. 124.01(1), F. S.; see
AGO 077-38 (noncharter counties may exercise only those powers conferred by general or special law); cf. Flagler County Board of Commissioners v. Likins, 337 So.2d 801, 803 (Fla. 1976) (provisions of Constitution and of general law pertaining to election of county commissioners applied to noncharter county); Townley v. Marion County, 343 So.2d 1312, 1313 (1 D.C.A. Fla., 1977) (noncharter counties have only such power of self-government as provided by general or special law and may not enact zoning regulations inconsistent with part III of Ch. 163, F. S.).
AS TO QUESTION 2:
In the Socash case discussed above, it was also argued that the Charter of Volusia County was `in fatal conflict' with s. 1(e), Art. VIII, State Const., insofar as it provided for the election of members of that county's governing body from single-member districts. Section 301, Art. III, Charter of Volusia County, Ch.70-966, Laws of Florida. Holding that the previously quoted charter county exception of s. 1(e), Art. VIII, applies to that entire subsection, the lower court upheld this provision of the Charter of Volusia County. As was also previously stated, the Supreme Court of Florida affirmed, despite a strong expression of views to the contrary by Ervin, J. Socash v. Volusia County,267 So.2d at 77 (Ervin, J., dissenting). Counties may therefore provide by charter for the election of members of their governing bodies from single-member districts.
In reaching this conclusion, I have not overlooked the case of Ervin v. Richardson, 70 So.2d 585 (Fla. 1954), which effectively construed s. 5, Art. VIII, State Const. 1885 (`county commissioners shall be elected by the qualified electors of said county'), to require that all county commissioners be elected countywide. Ervin v. Richardson, 70 So.2d at 587. While s. 1(e), Art. VIII, supra, contains substantially similar language, I have pointed out above that all matters contained in the subsection are subject to the exception given in favor of county charters. Had the framers of the present Constitution intended to mandate the at-large election of all county commissioners, irrespective of any county charter provisions to the contrary, they would have carried forward without change the words of the 1885 Constitution. See
Gray v. Bryant, 125 So.2d 846, 856 (Fla. 1960); cf. Stern v. Miller, 348 So.2d 303, 307-308 (Fla. 1977).
Since it is the gravamen of this opinion that s. 1(e), Art. VIII, State Const., allows counties to adopt by charter alternatives to the form of county government provided for by that section and by general law, it should be pointed out that a county charter may not only provide for single-member districts but may adopt whatever form of at-large election it may desire. Your preference for single-member districts is in line with that of the United States Supreme Court, as expressed in Connor v. Finch,97 S.Ct. 1828, 1834 (1977), a preference founded upon a judgment that single-member districts are a more efficient means of securing equal representation. Wallace v. House, 538 F.2d 1138, 1144 (5th Cir. 1976).
Finally, it should again be pointed out that those provisions of the Constitution and of general law relating to the composition and election of a board of county commissioners are binding upon noncharter counties, so that in such counties the board of county commissioners must be elected on an at-large basis. Section 1(e) and (f), Art. VIII, State Const.; s. 124.01(1)-(2), F. S.; Informal Opinion Letter from Attorney General to Honorable Grover C. Robinson, III, June 8, 1977; cf. Flagler County Board of Commissioners v. Likins, 337 So.2d at 803 (principle applied to noncharter county commission); Townley v. Marion County,343 So.2d at 1313 (noncharter counties have only such powers of self-government as provided by general or special law); AGO 077-38 (same).
Prepared by: Patricia R. Gleason Assistant Attorney General Dennis J. Wall Legal Research Assistant