Mr. Irvin S. Cowie County Attorney Polk County Post Office Box 60 Bartow, Florida 33830
Attention: Ms. M. Malinda Ottinger Assistant County Attorney
Dear Mr. Cowie:
This is in response to your request for an opinion on the following question:
 IS THE BOARD OF COUNTY COMMISSIONERS AUTHORIZED TO DESIGNATE THE RESIDENCE OF A COMMISSIONER AS THE OFFICIAL HEADOUARTERS FOR THAT COMMISSIONER'S DISTRICT IF SUCH DESIGNATION COMPLIES WITH s 112.061(4)(a), F.S.?
I assume from your question that you need to determine the appropriate headquarters for your county commissioners for purposes of s 112.061, F.S., pertaining to per diem and travel expenses. Rephrased, your question asks: (1) whether s 1(e), Art. VIII, State Const., vests in or grants any governmental administrative authority to individual county commissioners of the several county commissioners' election or residence districts; (2) if s 1(k) Art. VIII, State Const., would allow the board of county commissioners to designate a commissioner's residence as his or her official district headquarters; and (3) if s 112.061(4)(a) would allow the residence of a county commissioner to be designated as his or her official district headquarters for travel expense reimbursement purposes.
Section 112.061(4) provides:
 The official headguarters of an officer or employee assigned to an office shall be the city or town in which the office is located; . . . (e.s.)
and paragraph (a) subsection (4) provides:
 The official headquarters of a person located in the field shall be the city or town nearest to the area where the majority of his work is performed, or such other city, town, or area as may be designated by the agency head; provided that in all cases such designation must be in the best interests of the agency and not for the convenience of the person.
For the reasons hereinafter developed, I do not conceive that the board of county commissioners may lawfully establish field offices for the individual commissioners or locate or station any of such commissioners in the field. Ordinarily the official headquarters of the board and its constituent members and the place where the board officially meets and transacts its official business is at the county seat.
Section (1)(e), Art. VIII, State Const., provides in pertinent part that the governing body of each county shall be a board of county commissioners composed of five members and provides for the decennial division of each county into county commissioners' districts, and that one commissioner residing in each district shall be elected by the electors of the county. See, ss 99.032 and100.041(2), F.S.; see also, s 124.01(1) and (2), F.S. Those provisions establish residence districts for election purposes only. See also, Ryan, et al. v. State ex rel. Ford, 60 So.2d 188
(Fla. 1952). As stated by the Florida Supreme Court in Flagler Cty Bd. of Commissioners v. Likins, 337 So.2d 801, 803 (Fla. 1976), s 1(e) of Art. VIII requires that county commissioners live in certain residence districts but they run at large in the county. But this constitutional provision does not purport to create any governmental administrative district or district office or to vest in or grant any administrative authority or function to the individual county commissioners themselves. Section 1(e) of Art. VIII operates to establish the board of county commissioners as the governing body of a nonchartered political subdivision and s 1(f) vests the power of self government in a noncharter county in the board of county commissioners. Section 125.01, F.S., vests power to carry on county government in the legislative and governing body of the county. I am unaware of any constitutional or statutory provision that vests in, grants to or imposes any discrete governmental duty or function on the individual, members of the county commission within their respective election or residence districts or upon such residence districts themselves or any district office of any characterization or denomination, nor have any such provisions been drawn to my attention. Ordinarily, the powers of the county boards of commissioners must be exercised by them as boards or entities and not as individuals and an individual member, unless expressly authorized by statute cannot bind the county by his or her acts; the county board can act officially only when convened as a board in legal session. Seegenerally, 20 C.J.S. Counties ss 87 and 88, to the same effect; see also, Kirkland v. State, 97 So. 502, 508 (Fla. 1923); County of Okeechobee v. Florida Nat. Bank, 150 So. 124, 126 (Fla. 1933). It would therefore appear that no lawful or official commissioners' district or district commissioners' office exists for governmental administrative purposes for which any official headquarters may be established by the board of county commissioners for any purpose, including the purposes of s112.061, F.S. Compare, s 240.313(4), F.S., providing that the members of community college district boards of trustees may receive reimbursement for expenses as provided in s 112.061, `including mileage to and from official board meetings.' No such statutory authorization exists for the members of the boards of county commissioners. See also, s 112.061(2)(a) and (3)(b), F.S., and note that the definition of `agency' contained and used in these subsections does not appear to include a county commissioner's election or residence district as an `agency' created by law to perform a public purpose.
Section 1(k) Art. VIII provides:
 In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers. The county seat may not be moved except as provided by general law. Branch offices for the conduct of county business may be established elsewhere in the county by resolution of the governing body of the county in the manner prescribed by law. . . . (e.s.)
Thus, s 1(k) Art. VIII, expressly provides that the principal
offices of all county officers, which term includes county commissioners, must be located at the county seat. While this section also provides that branch offices for the conduct of county business may be established elsewhere in the county byresolution of the governing body in the manner prescribed by law, I apprehend that this provision has reference to county branch offices and has no application to the proposal under consideration to `designate the residence of a commissioner as the official headquarters for that commissioner's district', or to the several commissioners' election or residence districts in the county.
While my research has revealed no statutory provisions which would require that separate offices for members of the board of county commissioners be maintained or located in the county seat or elsewhere, I am persuaded by other authorities that the official headquarters of the board of county commissioners is at the duty established county seat. Compare, AGO 074-132 (construing s 35.05, F.S.). ( Cf., s 138.09, F.S., providing that upon establishment of a county seat by election, the board of county commissioners shall erect a courthouse and provide suitable offices for all the county officers who are required by law to keep their offices at the courthouse at the place so selected as the county seat.) Since the members of the county commission can officially act only as a body when convened in legal session and at a legally authorized meeting place, 20 C.J.S. Counties s 88; Kirkland v. State, supra, at 508; Motes v. Putnam County, 196 So. 465, 470 (Fla. 1940), the county seat at which the principal offices of boards of county commissioners are located would necessarily seem to be the official headquarters of the constituent members of that board or the individual commissioners for purposes of the travel expense law, s 112.061, F.S.
Several judicial decisions conclude that the spirit of s 1(k), Art. VIII, State Const., requires that official meetings for the transaction of business of the boards of county commissioners be conducted at a known place in the county seat and in a place open to the public. Motes v. Putnam County, 196 So. 465 (Fla. 1940). The Motes decision holds that where a county board of bond trustees, due to illness of the board's chairman, held a meeting in the chairman's home located outside the county seat, a resolution adopted by a majority of the board at such meeting providing for the issuance of refunding bonds in place of outstanding bridge bonds issued by the county was ineffective. Id., at 470. See also, Bass v. Askew, 342 So.2d 145 (1 D.C.A. Fla., 1977) (holding that the most important duty of a county commissioner is to attend commission meetings since that is the place where county business is discussed and concluded); Kirkland v. State, 97 So. 502, at 508 (Fla. 1923) (holding that it is the board of county commissioners at any legal meeting which is vested with power, and not the members individually when not in a lawful meeting); County of Okeechobee, supra at 126, stating that it is too elementary to require citation of authority that a board of county commissioners can only contract in the county of its domicile and when acting in a regular or special meeting of such board.
Accordingly, your question is answered in the negative.
In sum, unless and until legislatively or judicially determined otherwise, it is my opinion that since the members of the county commission can officially act only as a body when convened in legal session and at a legally authorized meeting place, the county seat at which the principal office of the board of county commissioners is located would necessarily be the official headquarters of constituent members of the county commission or the individual county commissioners for the purposes of reimbursement of per diem and travel expenses pursuant to s112.061, F.S., and therefore, the board of county commissioners is not authorized by constitutional or statutory law to designate the residence of a county commissioner as the official headquarters of that commissioner's election or residence district, which is established for election purposes only, for the purposes of s112.061, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General