454 So.2d 1 (1984)
Frank GUERRA, Appellant,
v.
John DOE and Jane Doe and the Florida Department of Health and Rehabilitative Services, Appellees.
No. 83-1153.
District Court of Appeal of Florida, Third District.
July 3, 1984.
Rehearing Denied August 22, 1984.
Craig S. Dyer, Fort Lauderdale, for appellant.
Horton, Perse & Ginsberg and Edward Perse, Brumer, Cohen, Logan & Kandell, Miami, Laurie A. Ramsay, Coral Gables, for appellees.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
BASKIN, Judge.
Appellant, Frank Guerra, appeals an order denying his motion for relief from a final judgment of adoption of his illegitimate child. Guerra urges that the trial court erred in permitting the adoption of the child without affording him a hearing on the issue of his consent to the adoption. Finding merit in appellant's contention, we reverse.
In December, 1982, the mother gave birth to Frank Guerra's child and placed the child for adoption in Miami without Guerra's knowledge or consent. The natural mother executed the requisite consent-for-adoption forms and declared the natural father unknown. The child was placed with the adoptive parents who filed a petition for adoption in January, 1983. Frank Guerra did not learn of the birth of his child until some time after the child was placed for adoption. In February, 1983, a month after the initiation of the adoption proceeding, Guerra filed an affidavit of paternity with the Department of Health and Rehabilitative Services (HRS). At the final adoption hearing conducted in March, 1983, the trial court granted the adoptive parents' motion to strike the affidavit of paternity as untimely filed and entered a final judgment of adoption.
As a condition precedent to the adoption of a child, section 63.062(1)(b)4, Florida Statutes (1983), requires the consent of the father of a minor child, if:
He has acknowledged in writing, signed in the presence of a competent witness, that he is the father of the minor and has filed such acknowledgment with the vital statistics office of the Department of Health and Rehabilitative Services.
The record in the present case reveals that appellant properly filed the required acknowledgment of paternity subsequent to the filing of the petition for adoption but prior to the final adoption hearing. In Wylie *2 v. Botos, 416 So.2d 1253 (Fla. 4th DCA 1982), the court, though denying the natural father's claim under the particular facts of that case, left open the question as to the effect of the natural father's filing of an acknowledgment of paternity subsequent to the commencement of adoption proceedings. The court stated:
Clearly, if properly and timely filed, an acknowledgment makes the natural father's consent or excuse therefor a prerequisite to securing a final decree of adoption. We simply cannot determine with certainty whether the legislature intended to cut off the rights of a natural father, who, although on notice of his paternity of a child and the pendency of adoption activities, files no acknowledgment of paternity before the legal adoption proceedings are commenced.
Id. at 1256.
We do not think the legislature intended to curtail the rights of a natural father who did not consent to the adoption of his natural child and who properly filed an acknowledgment of paternity, albeit one month after the institution of the adoption proceedings. Our interpretation of the legislative intent to afford a putative father an opportunity to be heard in a case such as this is supported by the Florida Supreme Court's construction of the adoption statute in Wiggins v. Rolls, 100 So.2d 414 (Fla. 1958). The court in Wiggins stated:
Our adoption statute contemplates that in the absence of consent a natural parent should be afforded a full and complete opportunity to object to an adoption in an adversary proceeding in which the rights of the parent should be accorded due recognition.
Id. at 416.
The putative father in the instant case filed the required acknowledgment of paternity shortly after learning of the birth and petition for adoption of his natural child and within a reasonable time before the final adoption hearing. Consequently, Guerra falls within the category of fathers whose consent is required for the adoption of a minor child under the express terms of section 63.062. He was therefore entitled to a full and complete opportunity to exercise his parental rights in an adversary hearing. Wiggins. By refusing to consider appellant's acknowledgment of paternity at the final hearing, the trial court denied appellant an opportunity to be heard in violation of both his statutory and procedural due process rights. Cf. In re Adoption of Mullenix, 359 So.2d 65 (Fla. 1st DCA 1978) (procedural due process rights of putative father are violated where his consent is statutorily required and he is not given notice of adoption proceedings or opportunity to be heard). We conclude that the trial court erred in denying the motion for relief from the final judgment of adoption without conducting a hearing on the issue of the natural father's consent.
Reversed and remanded for proceedings consistent with this opinion.
JORGENSON, Judge, specially concurring.
Guerra's right to due process, the sole issue of this appeal, has now been established. On remand the focus of this adoption proceeding will shift to the primary issue, the best interest and welfare of the child. See Ramey v. Thomas, 382 So.2d 78 (Fla. 5th DCA), review denied mem., 389 So.2d 1116 (Fla. 1980).[1]
NOTES
[1] Although the majority opinion recites that Guerra did not learn of the child's birth until after the beginning of the adoption process, it remains to be determined by the trial court whether, among other things, Guerra deserted or abandoned his purported child. The provisions of section 63.072, Florida Statutes (1981), offer some guidance for excuse of parental consent but cannot be considered an exhaustive list when the paramount interest is the welfare of the child.