STATE OF LOUISIANA     *      NO. 2021-KA-0253

VERSUS       *

DARRYL TATE      *       COURT OF APPEAL

           *       FOURTH CIRCUIT

           *       STATE OF LOUISIANA

       * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 282-121, SECTION "DIVISION D"
Judge Kimya M Holmes,
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Edwin A. Lombard, Judge Regina Bartholomew-Woods)

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
Assistant District Attorney
G. Ben Cohen
Chief of Appeals
ORLEANS PARISH DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

     COUNSEL FOR DEFENDANT/APPELLANT

              **AFFIRMED**

            **SEPTEMBER 29, 2021**

EAL

TFL

RBW

This appeal is from the 2017 district court judgment wherein the defendant was resentenced to life imprisonment with the benefit of parole on his 1984 second degree murder conviction. After review of the record in light of the applicable law and arguments of the parties, we affirm the district court judgment and direct the Department of Corrections (DOC) to revise the defendant's prison master to reflect that his sentence is no longer without benefit of parole and, in accordance with the criteria in La. Rev. Stat. 15:574.4, to reflect an eligibility date for consideration by the Board of Parole.

*Relevant Facts and Procedural History*

The defendant, a juvenile at the time of the offense, entered a *Crosby* plea to charges of second degree murder, attempted first degree murder and armed robbery on November 8, 1982.[1] The defendant was sentenced to the then-mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence[2] on his second degree murder conviction. *Tate,* 454 So.2d

---

[1] The defendant's appeal of the district court's denial of his motion to suppress was unsuccessful. *State v. Tate,* 454 So. 2d 391, 392 (La. App. 4 Cir. 1984).

[2] The facts, as briefly set forth by this Court in connection with defendant's original appeal, are as follows:

> The homicide occurred about 2:20 a.m. during an armed robbery in a parking lot near S. Rampart and Calliope Streets in New Orleans. The victim,

1

at 392. This court affirmed his conviction and sentence. *Id.* In 2016, the U.S. Supreme Court's determined in *Miller v. Alabama,* 567 U.S. 460 (2016), that a mandatory sentence of life imprisonment without the possibility of early release imposed upon juvenile offenders violates the Eighth Amendment.

Subsequently, the defendant filed this motion to correct an illegal sentence. The district court denied the defendant's motion and, pursuant to the defendant's application for supervisory review, this court granted writ and ordered a resentencing hearing. *State v. Tate,* 2012-1671 (La. App. 4 Cir. 12/19/12) (unpub'd). The State sought review of that decision from the Louisiana Supreme Court and, finding that *Miller* was not retroactively applicable to cases on collateral review, the Louisiana Supreme Court reinstated the district court's judgment denying relief. *State v. Tate,* 2012-2763 (La. 11/5/13), 130 So.3d 829. The U.S. Supreme Court denied certiorari. *Tate v. Louisiana,* 572 U.S. 1137 (2014).

In 2016, however, the U.S. Supreme Court granted certiorari in *Montgomery v. Louisiana,* 577 U.S. 190 (2016), and held that the rule set out in *Miller* entitled juveniles sentenced to mandatory terms of life imprisonment without the

---

Anthony Jeffrey, was sitting in the driver's seat of his parked car and his friend Keith Dillan was in the front passenger seat. Dillan testified he'd had some drinks but his vision was not impaired. There were street lights at intervals along the street, including one light facing directly where Jeffrey and Dillan were parked. Dillan testified he saw the gunman as he approached their car, and looked directly at him for a few seconds as he leaned over the driver's seat to give him his money.

After Dillan gave the robber 40¢, the gunman demanded money from Jeffrey. Instead of giving his money, Jeffrey tried to start the car in an apparent attempt to get away. The gunman shot Jeffrey in the chest and fled. Dillan escaped and called police. Jeffrey was pronounced dead at the scene.

Defendant was linked to this homicide after he was charged with the armed robbery and attempted murder of a tourist outside the French Quarter. The gun found on defendant was tested and found to be the same weapon used to shoot Jeffrey.

*Tate,* 454 So. 2d at 392.

possibility of early release to reconsideration of those sentences even when direct review had been exhausted. Accordingly, the district court conducted a resentencing hearing on August 15, 2017 and, without opposition from the State, resentenced the defendant to life imprisonment with no restrictions on parole eligibility.

Rather than appealing this decision, *see State v. Williams,* 2017-0581 (La. App. 4 Cir. 7/21/17) (unpub'd) (granting writs in part to defendant resentenced to life with parole following *Miller* hearing, finding that "Relator's resentencing … is an appealable judgment."), the defendant filed the instant motion to correct an illegal sentence in the district court, asserting (as he does in the appeal now before this court) that the district court should have resentenced him under the next responsive verdict that was not unconstitutional, manslaughter. The district court denied the defendant's motion on March 28, 2019. This court denied the defendant's application for supervisory review on July 24, 2019. *State v. Tate,* 2019-0450 (La. App. 4 Cir. 7/24/19) (unpub'd). A year later, the Louisiana Supreme Court likewise denied writ. *State v. Tate,* 2019-01561 (La. 7/24/20), 299 So.3d 71.

On October 25, 2019, the district court granted the defendant an out-of-time appeal of his 2017 resentencing. Pursuant to the defendant's application for a writ of mandamus, this court granted the defendant relief on February 19, 2020, observing that, despite the district court's granting of defendant's application to file an out-of-time appeal, no progress regarding said appeal, including the appointment of counsel, had taken place. Accordingly, the court remanded the matter to the district court "for a determination of the status of the out-of-time appeal and further proceedings." *State v. Tate,* 2020-0085 (La. App. 4 Cir.

3

2/19/20) (unpub'd). Thereafter, the Louisiana Appellate Project was appointed to represent the defendant in connection with his out-of-time appeal.

This appeal is now before the court.

*Assignment of Error 1*

The defendant argues that because his original sentence of life imprisonment without the benefit of parole was illegal, he should have been resentenced to the maximum sentence for the next lesser included offense that was not illegal, namely, twenty-one years for manslaughter. In support, the defendant relies on a trio of cases from the 1970s: *State v. Craig,* 340 So.2d 191 (La. 1976), *State v. Lee,* 340 So.2d 180 (La. 1976), and *State v. Fraise,* 350 So.2d 154 (La. 1977).

However, this argument is without merit. As stated in *State v. Lewis,* 2017-0651, pp. 7-8 (La. App. 4 Cir. 4/18/18), 244 So.3d 527, 532:

> [T]he so called *Craig* solution advocated by the defendant has been repeatedly rejected, as succinctly explained in *State v. Plater,* 51,338 (La. App. 2 Cir. 5/17/17, 222 So.3d 897:
>
> > In *State v. Craig*, 340 So.2d 191, 193–94 (La. 1976), the Louisiana Supreme Court held that the mandatory death sentence for aggravated rape was unconstitutional and that the appropriate remedy to correct an illegal sentence was to remand the case for resentencing of the defendant to the most serious penalty for the next lesser included offense.
> >
> > However, in *State v. Shaffer*, 11-1756 (La. 11/23/11), 77 So.3d 939, the Louisiana Supreme Court took a different approach. There, in consolidated writ applications, three defendants sought relief from their life sentences following their convictions for aggravated rape committed while juveniles after the United States Supreme Court held that the Eighth Amendment precludes sentencing a juvenile to life imprisonment without the possibility of parole for a non-homicide offense in *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L.Ed.2d 825 (2010). The Louisiana Supreme Court rejected the defendants' argument that they should be sentenced under the lesser included offense of

4

attempted aggravated rape as was done in *State v. Craig, supra*. Instead of remanding the cases for resentencing, the [S]upreme [C]ourt amended the defendants' life sentences to delete the restriction on parole eligibility. *See also State v. Leason*, 11-1757 (La. 11/23/11), 77 So.3d 933.

Further, this Court, along with several other circuits, has rejected the claim that juvenile homicide defendants should be sentenced under the manslaughter statute. *See State v. Williams*, 50,060 (La. App. 2 Cir. 9/30/15), 178 So.3d 1069, *writ denied*, 15-2048 (La. 11/15/16), 209 So.3d 790; *State v. Williams*, 15-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, *writ denied*, 16-0332 (La. 3/31/17), 217 So.3d 358, 2017 WL 1315822; *State v. Jones*, 15-157 (La. App. 5 Cir. 9/23/15), 176 So.3d 713; *State v. Graham*, 14-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, *writ denied*, 15-1028 (La. 4/8/16), 191 So.3d 583.

*Plater,* 51,338, pp. 4–5, 222 So.3d at 901.

Accordingly, the defendant's first assignment of error is without merit.

***Assignment of Error 2***

The defendant argues that he unconstitutionally continues to be subject to an excessive, non-individualized sentence. He claims that La. Code Crim. Proc. art. 878.1 and La. Rev. Stat. 15:574.4, which set forth requirements which must be met for purposes of determining parole eligibility for persons who committed the crime of second degree murder while under the age of eighteen "illegally transfer the judicial obligation for juvenile re-sentencing to the parole board and contain no realistic relief for juvenile offenders."

Again, these arguments have been previously raised and rejected.

First, in *State v. Olivier*, 2017-0724, p. 4 (La. App. 4 Cir. 2/21/18), 238 So.3d. 606, *writ denied,* 2018-0492 (La. 1/14/19), 261 So.3d 783, we rejected the defendant's argument that he was entitled to an individualized sentence. Specifically, we observed:

Giving *Miller* retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. *See, e.g.*, Wyo. Stat. Ann. § 6–10–301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.

*Olivier,* 238 So.3d at 609 (quoting *Montgomery,* 136 S. Ct. at 729).

Accordingly, we concluded: "*Miller* does not require 'individualized' sentencing, only that parole eligibility is considered an option when sentencing youth offenders." *Olivier,* 2017-0724, pp. 4-5, 238 So.3d at 609.[3]

Likewise, the defendant's assertion that subjecting his parole eligibility to the requirements of La. Code Crim. Proc. art. 878.1 and La. Rev. Stat. 15:574.4 (specifically, that he be required to serve twenty-five years before being considered for parole) is excessive and denies him a realistic opportunity for relief, has also been rejected. *See State v. Shaffer,* 2011-1756 (La. 11/23/11), 77 So.3d 939 (*per curiam*) (access to Louisiana parole board consideration satisfies Eighth Amendment requirement of "meaningful opportunity for release."); *State v. Brooks,* 51,917, p. 5 (La. App. 2 Cir. 4/11/18), 247 So.3d 1071, 1075 ("parole

---

[3] Shortly after *Olivier,* the Louisiana First Circuit likewise rejected a juvenile offender's claim that he was entitled to an individualized sentence, providing:

> Contrary to the defendant's assertion otherwise, *Miller* does not require an individualized sentence, only the opportunity to be considered for parole. In *Miller,* the Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. *See Miller,* 132 S.Ct. at 2463-69.

*State v. Young*, 2018-0564 (La. App. 1 Cir. 11/5/18) (unpub'd), *writ denied,* 2018-1968 (La. 5/20/19), 271 So. 3d 201.

eligibility under La. R.S. 15:574 and La. C.Cr.P. art. 878.1, specifically, does

satisfy *Miller's* requirement that juvenile homicide offenders be given a

'meaningful opportunity for release.'").

Finally, the defendant argues that even if his sentence of life imprisonment

with the benefit of parole is constitutional, the matter must be remanded because

the district court failed to direct the Louisiana Department of Corrections ("DOC")

to revise defendant's prison master record "to reflect that his sentence is no longer

without benefit of parole." Therefore, the defendant requests that the DOC be

directed to revise his prison master record according to the criteria of La. Rev. Stat.

15:574.4 to reflect an eligibility date for consideration by the Board of Parole."

The defendant is correct in his assertion that the district court's resentencing

was deficient in it failed to give instructions to the DOC, but remand is

unnecessary. In *State v. Shaffer,* 2011-1756, p. 4 (La. 11/23/11), 77 So.3d 939,

942-943 (footnote omitted)*,* the Louisiana Supreme Court determined that the

appropriate sentencing, to satisfy the United States Supreme Court's mandate of

parole eligibility for juvenile offenders, was as follows:

> We therefore amend the sentence of relator Dyer to delete the
> restriction on parole eligibility. The Department of Corrections is
> directed to revise relator Dyer's prison master to reflect that his
> sentence is no longer without benefit of parole. Further, the
> Department is directed to revise relators' prison masters according to
> the criteria in La.R.S. 15:574.4(A)(2) to reflect an eligibility date for
> consideration by the Board of Parole.

In *State v. Richards,* 2011-0349, p. 16 (La. App. 4 Cir. 12/1/11), 78 So.3d

864, 873, *writ denied,* 2011-2807 (La. 4/27/12), 86 So.3d 627, this Court, in

accordance with *Shaffer,* likewise amended Richards' sentence, with the following

decree:

The Department of Corrections is directed to revise the defendant's prison master to reflect that his sentence is no longer without benefit of parole. Further, the Department of Corrections is directed to revise defendant's prison master according to the criteria in La. R.S. 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole.

Accordingly, to the extent that the defendant asserts that the DOC must be directed to revise the prison master to reflect that the defendant's sentence is no longer without benefit of parole, this assignment of error has merit.

*Conclusion*

After review of the record in light of the applicable law and arguments of the parties, the defendant's sentence is affirmed and the Department of Corrections (DOC) is ordered to revise the defendant's prison master to reflect that his sentence is no longer without benefit of parole and, in accordance with the criteria in La. Rev. Stat. 15:574.4, to reflect an eligibility date for consideration by the Board of Parole.

**AFFIRMED**